# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

**LAS UVAS VALLEY DAIRIES,**
a New Mexico general partnership,

Debtor. **No. 17-12356-j11**

## DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACTS WITH DAIRY FARMERS OF AMERICA, INC.

COMES NOW the Debtor-in-Possession, by counsel, and moves the Court, pursuant to 11 U.S.C. §365(a) and F.R.Bankr.P. 6006, for an order authorizing it to assume executory contracts between the Debtor and Dairy Farmers of America, Inc., and as grounds would show:

1.     Debtor filed its petition herein on September 15, 2017, and is operating as debtor-in-possession herein;

2.     At the time of the filing of the petition, Debtor was a party to various executory contracts with Dairy Farmers of America, Inc. ("DFA") in the form of Membership and Marketing Agreements, including the following:

    a.  DFA Membership and Marketing Agreement, membership number 148133;

    b.  DFA Membership and Marketing Agreement, membership number 148134;

    c.  DFA Membership and Marketing Agreement, membership number 137533;

    d.  DFA Membership and Marketing Agreement, membership number 148172;

    e.  DFA Membership and Marketing Agreement, membership number 148173;

and    f.  DFA Membership and Marketing Agreement, membership number 148175.

3.     At the time of the filing of the petition, Debtor was a party to executory contracts with Dairy Farmers of America, Inc. ("DFA") in the form of Member Forward Contract for

1

Delivery Master Agreements, including the following:

     a.    Dated October 27, 2014, between DFA and "Las Uvas Valley Dairy #4;"

     b.    Dated February 6, 2015, between DFA and "Las Uvas Valley Dairy #1;"

     c.    Dated February 6, 2015, between DFA and "Las Uvas Valley Dairy #2;"

     d.    Dated February 6, 2015, between DFA and "Las Uvas Valley Dairy #3;"

     e.    Dated February 6, 2015, between DFA and "Las Uvas Valley Dairy #5;"

4.    Each of the Master Agreements covers a number of "Transactions" each of which is evidenced by an order and confirmation covering a certain amount of milk, at a certain price, over a certain period of time.

5.    Debtor desires to assume its Membership and Marketing Agreements with DFA because it is the best available means for Debtor to sell its milk, and because the Debtor has earned, in total, approximately $5 million in "retains" under its Membership and Marketing Agreements with DFA, which "retains" would be at risk it Debtor were to default under the various Membership Agreements.

6.    Debtor desires to assume its Forward Contract for Delivery Master Agreements with DFA and all Transactions covered thereby, because the Master Agreement and all covered Transactions is, by terms of the Master Agreement, a single contract, because the facility for entering into such forward contracts for sale of milk is an important means for Debtor to hedge the price at which it can sell its milk, because Debtor has equity in its forward contracts which it desires to liquidate in order to purchase dairy cattle, and because the breach of such agreements could jeopardize Debtors membership agreements.

7.    Debtor believes it is in the best interest of the estate to assume all such executory

contracts in that such contracts provide revenue to the estate without imposing any substantial burdens on Debtor.

8.     Debtor is not in default under any such executory contracts.

9.     Debtor has inquired of counsel for DFA to determine whether DFA consents to assumption of such contracts, and DFA consents to the assumption of the contracts described in Paragraph 2 through 4, above. However, DFA's consent to the assumption of these contracts is not and may not be taken as its consent or agreement to any act(s) of the Debtor may take or attempt to take under such contracts in the future whether described in the Motion or not, including the liquidation, termination or cancellation of any Forward Contracts or Transactions, that require DFA's affirmative consent.

10.     Pursuant to NM LBR 6006-1, the various Membership and Marketing Agreements between Debtor and DFA do not provide an address to which any notice under such agreements must be served on DFA, and the Member Forward Contract for Delivery Master Agreements provide that notice under such agreements must be given to DFA at the following address:

DFA Risk Management, PO Box 909700, Kansas City, MO 64190-9700

11.     Debtor seeks an expedited hearing hereon because the transactions subject to the Member Forward Contract for Delivery Master Agreements fluctuate in value substantially, and delay in assuming such contracts can result in the loss of value. Further, Debtor is advised by DFA Risk Management, which administers such programs for DFA, that it will not allow Debtor to exercise its rights under such contracts without an order of this Court.

WHEREFORE, Debtor prays that the court enter its order, after such notice and hearing as the Court finds appropriate, authorizing Debtor to assume the above-listed executory contracts

with the DFA, and all other similar Membership and Marketing contracts and Member Forward

Contract for Delivery Agreements with DFA to which Debtor may be a party.

Respectfully submitted by:
Askew & Mazel, LLC
Counsel for Debtor
s/ submitted electronically
George M. Moore
1122 Central SW, Ste. 1
Albuquerque, NM 87102
(505) 433-3097
Fax: (505) 717-1494
georgemoore@askewmazelfirm.com

4