UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

**LAS UVAS VALLEY DAIRIES,**
a New Mexico general partnership,

    Debtor.                                    No. 17-12356-11

**RESPONSE TO DEBTOR'S MOTION FOR CONTINUING AUTHORITY
TO USE CASH COLLATERAL FOR THE PERIOD BEGINNING
OCTOBER 16, 2017, THROUGH MARCH 30, 2018**

Metropolitan Life Insurance Company ("MetLife"), a secured creditor and party in interest, files its Response to Debtor's Motion for Continuing Authority to Use Cash Collateral for the Period Beginning October 16, 2017 through March 30, 2018, and respectfully states as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(M). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**II.    FACTUAL BACKGROUND**

2. The Debtor, Las Uvas Valley Dairies ("Debtor"), owns and operates a dairy facility and related farming operations in southern New Mexico, consisting of real property and improvements, equipment, live dairy cattle, feed inventory and related supplies, and milk produced from the dairy operations. The milk is sold by the Debtor to Dairy Farmers of America, a dairy cooperative association.

3. Prior to the Petition Date (hereinafter defined), Metropolitan Life Insurance Company ("Met Life") made the following loans to the Debtor: (i) a $20,000,000.00 loan evidenced by a promissory note ("First Note") dated December 5, 2012, in the original principal amount of $20,000,000.00, executed by the Debtor and payable to the order of MetLife; and (ii)

1

4816-5705-8129.v2
2902752.000608
Case 17-12356-j11    Doc 50    Filed 10/09/17    Entered 10/09/17 11:04:00 Page 1 of 6

a $5,650,000.00 loan to the Debtor evidenced by a promissory note ("Second Note") dated August 2, 2013, in the original principal amount of $5,650,000.00, executed by the Debtor and payable to the order of Met Life. The First Note and Second Note were each secured by a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing ("Mortgage ") executed contemporaneously with the respective notes covering the real property and improvements, irrigation equipment, water rights, and other property owned by the Debtor as described therein.

4. On February 29, 2016, MetLife, at the Debtor's request, modified, renewed and extended the First Note and the Second Note as evidenced by the Debtor's execution of a Promissory Note ("MetLife Note") dated February 29, 2016, payable to the order of MetLife. The Note was secured by a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing ("MetLife Mortgage") executed by the Debtor for the benefit of MetLife covering the following property: the Columbus farm located in Luna County, New Mexico; the property located in Dona Ana County, New Mexico; and the property located in Sierra County, New Mexico, together with all improvements; certain equipment including farming and irrigation equipment; water rights; accounts; and other property as described therein. The MetLife Mortgage was recorded in the Real Property Records of Luna County, Dona Ana County and Sierra County, New Mexico. The Debtor also executed a Milk Assignment as well as other loan documents. MetLife filed a UCC Financing Statement with the Office of the Secretary of State of New Mexico under File No. 20130013537G perfecting its security interest in the equipment, accounts, milk and dairy proceeds. In addition, the principals of the Debtor, Dean Horton, Frances Horton, Mitch Horton, and Loren Horton, executed written guaranties of the MetLife Note.

5. At the Debtor's request, MetLife consented to the Debtor obtaining a loan from Production Credit Association of Southern New Mexico ("PCA"), a wholly-owned subsidiary of Farm Credit Association, to finance its dairy and farming operations, including the raising of livestock and the growing of crops. PCA's note is secured by a first lien on the Debtor's cattle, equipment and other personal property and a second lien on the Debtor's real estate.

6. As a condition to MetLife's approval of the PCA loan, MetLife, PCA and the Debtor entered into a Subordination and Intercreditor Agreement dated February 26, 2016 whereby PCA agreed and acknowledged that MetLife has a first priority security interest in the Debtor's milk receivables up to $293,619.03.

7. MetLife is the current holder of the MetLife Note and the MetLife Mortgage and was owed $28,184,365.95 as of the Petition Date.

8. On September 15, 2017 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

9. On that same date, the Debtor filed an Emergency Motion for Interim Authority to Use Cash Collateral and (2) Request for an Emergency Hearing to Avoid Immediate and Irreparable Damage to the Estate ("Interim Cash Collateral Motion").

10. The Court set an emergency hearing on the Interim Cash Collateral Motion for September 20, 2017.

11. The Debtor engaged in independent negotiations with MLIC and PCA regarding the Interim Cash Collateral Motion. MLIC was in agreement as to all terms of a proposed interim cash collateral order except for PCA's request that the Debtor deliver the cull cow proceeds of approximately $280,000 to PCA to be applied to the principal due on PCA's debt.

12. On September 19, 2017, the Court held a hearing on the Interim Cash Collateral Motion ("Interim Hearing"). On September 20, 2017, the Court approved the Debtor's use of cash collateral on an interim basis for the period of September 15, 2017 through October 16, 2017, and the one-time payment of the cull cow proceeds to PCA based upon the agreement between the Debtor and PCA.

13. On September 26, 2017, the Debtor filed a Motion for Continuing Authority to Use Cash Collateral for the Period Beginning October 16, 2017 through March 30, 2018 ("Cash Collateral Motion"). The Cash Collateral Motion is set for final hearing on October 12, 2017.

### III. RESPONSE TO CASH COLLATERAL MOTION

14. MetLife does not object to the Debtor's continued use of cash collateral according to the proposed Budget attached to the Cash Collateral Motion provided that (i) the Cash Collateral Order to be entered by the Court recognizes the validity and priority of Metlife's liens in all collateral held by MetLife as well as MetLife's replacement liens on post-petition proceeds and assets of the Debtor, and (ii) the Debtor files its plan and disclosure statement within 180 days of the Petition Date. In addition, MetLife requests that the Debtor continue to provide MetLife with copies of the following documents and/or financial information:

    a. Milk production reports;

    b. Creamery reports which accompany the Debtor's milk checks;

    c. Monthly herd summary reports;

    d. Monthly financial statements, including balance sheet, income statement and cash flow statement;

    e. Monthly general ledger reports;

    f. Aged accounts receivable reports (for 30, 60 and 90 days);

    g. Aged accounts payable reports;

h.  Copies of bank statements (if not attached to the Debtor's monthly operating report; and

i.  Any report, document or information not listed above which is requested by and provided to PCA.

15. MetLife reserves its right to amend or supplement this Response prior to the hearing on October 12, 2017.

WHEREFORE MetLife requests that the Court enter an Order Approving the Debtor's Use of Cash Collateral upon the terms stated herein and grant MetLife such other and further relief to which it may be justly entitled at law and at equity.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

*/s/ Susan C. Mathews*
Susan C. Mathews
Texas Bar No. 05060650
1301 McKinney, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
Email: smathews@bakerdonelson.com

Gary A. Barnes
Georgia Bar No. 038575
1600 Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 221-6509
Facsimile: (404) 228-9609
Email: gbarnes@bakerdonelson.com

**ATTORNEYS FOR METROPOLITAN LIFE INSURANCE COMPANY**

5

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on October 9, 2017, a true and correct copy of this document was served by electronic means to the parties listed below and those parties registered to receive ECF notice in the Court's ECF noticing system.

                          */s/ Susan C. Mathews*
                          Susan C. Mathews

<u>Debtor's Counsel</u>
George M. Moore
Daniel J. Behles
Askew & Mazel, LLC
1122 Central Ave. SW, Suite 1
Albuquerque, NM 87102

<u>United States Trustee's Office</u>
Alice N. Page
Trial Attorney
Office of the United States Trustee
P.O. Box 608
Albuquerque, NM 87013

<u>Counsel for Production Credit Association</u>
James A. Roggow
Roggow Law, LLC
205 W. Boutz, Bldg. 2, Ste C.
Las Cruces, NM 88005
Telephone: (575) 526-2448