UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re<br><br>**LAS UVAS VALLEY DAIRIES**, a New Mexico general partnership<br><br>EIN 85-0456952<br><br>Debtor | Chapter 11<br><br>Case No. 17-12356-j11<br><br>**APPLICATION TO EMPLOY PERKINS COIE LLP AS CO-COUNSEL FOR DEBTOR-IN-POSSESSION RETROACTIVE TO DECEMBER 27, 2017** |

Las Uvas Valley Dairies, debtor-in-possession in this Chapter 11 case (the "**Debtor**"), respectfully applies to the Court for authorization to employ Perkins Coie LLP as the Debtor's co-counsel in this Chapter 11 case, retroactive to December 27, 2017. In support of this application, the Debtor submits the contemporaneously-filed *Verified Statement of Jordan A. Kroop in Support of Application to Employ Perkins Coie LLP as Co-Counsel for Debtor-In-Possession* (the "**Kroop Statement**").

## BACKGROUND

**Jurisdiction and Venue**

1. On September 15, 2017 (the "**Petition Date**"), the Debtor filed in this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. The Debtor operates its business and manages its assets as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

3. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. The Debtor is a New Mexico general partnership whose principal place of business is in Hatch, New Mexico. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## PERKINS COIE'S QUALIFICATIONS

5. On October 25, 2017, this Court entered its *Order Approving Debtor's Motion to Employ Counsel* [DE 75] authorizing the Debtor's employment of Askew & Mazel, LLC as general bankruptcy counsel to the Debtor. The Debtor believes it appropriate to retain co-counsel with extensive experience, knowledge, and expertise in the areas of negotiation, preparation, confirmation, and consummation of a Chapter 11 plan. To that end, the Debtor seeks to retain Perkins Coie as co-counsel to provide the focused scope of services described below.

6. The Debtor is mindful of the additional administrative expense associated with retaining co-counsel and will manage and direct Perkins Coie as co-counsel in such a way to ensure services provided by Perkins Coie augment, rather than duplicate, services provided by Askew & Mazel. The Debtor contemplates that Perkins Coie will provide services distinct from those provided by Askey & Mazel and has a keen interest in ensuring that needless duplication of effort is avoided as much as possible.

7. Perkins Coie is well-suited to serve as the Debtor's co-counsel in this case. Perkins Coie possesses nationally-recognized expertise in bankruptcy matters, having been actively involved in several significant recent Chapter 11 cases including, among many others, those in which Jordan Kroop, Perkins Coie's lead bankruptcy lawyer in this proposed engagement, had a leading role. Kroop Statement.

8. Perkins Coie has the necessary background to effectively provide services related to the Debtors' Chapter 11 plan process. Kroop Statement.

9. Perkins Coie believes it has assembled a highly qualified team of attorneys to serve the Debtor during its reorganization. Jordan Kroop is a partner in Perkins Coie's Bankruptcy and Restructuring group and will lead Perkins Coie's representation of the Debtor in this case. He has more than 23 years' experience in reorganization cases representing business debtors, lenders, creditors' committees, and

acquirers in both locally- and regionally-focused cases and in cases of national scope. Kroop Statement.

**SERVICES TO BE RENDERED**

10. The Debtor proposes to employ Perkins Coie to render the following limited services:

a. negotiate and prepare on the Debtor's behalf, if necessary and advisable under the circumstances, a Chapter 11 plan, related disclosure statement, and all related agreements and documents and take any necessary action on the Debtor's behalf to obtain confirmation of that plan;

b. advise the Debtor in connection with any contemplated sales of assets or business combinations (including advising whether to conduct such sales independent of, or as part of, a Chapter 11 plan), formulate and implement appropriate procedures with respect to the closing of any such transactions, and counseling the Debtor in connection with such transactions;

c. advise the Debtor in connection with any post-petition financing arrangements and negotiating and drafting related documents, providing advice and counsel with respect to prepetition financing agreements and their possible restructuring;

d. advise the Debtor on matters relating to the assumption, rejection, or assignment of unexpired leases and executory contracts as part of a Chapter 11 plan;

e. attend senior management meetings concerning a Chapter 11 plan;

f. attend meetings with creditors and other third parties and participate in negotiations with respect to the above matters; and

g. appear and advance the Debtor's interests before this Court, any appellate courts, and the US Trustee.

Kroop Statement.

11. Perkins Coie is willing to act as the Debtor's co-counsel in this Chapter 11 case and to render the services described above. Kroop Statement.

## DISINTERESTEDNESS

12. To the best of the Debtor's knowledge, information, and belief, based on and other than as set forth in the Kroop Statement:

   a. Perkins Coie does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) and modified by § 1107(b), with respect to the matters for which Perkins Coie is to be employed;

   b. No Perkins Coie partner, counsel, or associate has any connection with the Debtor, its creditors, its estate, any United States District Judge or United States Bankruptcy Judge for the District of New Mexico, the US Trustee or any person employed in the office of the US Trustee for Region 20, or any other party in interest, or their respective attorneys and accountants;

   c. The disclosure made by Perkins Coie in the Kroop Statement (regarding connections with the Debtor, its creditors, any other parties in interest in this case, their respective attorneys and accountants, any U.S. District Judge or U.S. Bankruptcy Judge for the District of New Mexico, the U.S. Trustee or any person employed in the office of the U.S. Trustee for Region 20) satisfies the requirements of Bankruptcy Rule 2014.

## COMPENSATION

13. On December 27, 2017, Perkins Coie requested and received a retainer in the amount of $100,000 (the "**Retainer**"). The Retainer was originally funded by Dean Horton, one of the Debtor's general partners, to another law firm a few days earlier in anticipation of that firm's employment as co-counsel. When that firm determined that it could not proceed as counsel to the Debtor owing to a newly-discovered conflict, the

4
138043538.2

Debtor selected Perkins Coie and instructed the other firm to wire the Retainer to Perkins Coie. Kroop Statement.

14. Perkins Coie was only retained postpetition and did not provide any services to the Debtor prepetition. Accordingly, as of the Petition Date, Perkins Coie was not owed any amounts on account prepetition fees and expenses, and Perkins Coie had received no payments on account of prepetition services to the Debtor. Kroop Statement.

15. Perkins Coie will provide the Debtor with periodic (no less than monthly) invoices for services rendered and disbursements incurred. During the course of this Chapter 11 case, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined and paid only in accordance with orders of the Court.

16. Perkins Coie's fees are based on its customary hourly rates, which are periodically adjusted in accordance with Perkins Coie's policy. Based on the engagement agreement, Perkins Coie and the Debtor have agreed that Perkins Coie's bundled rate structure will apply to this case and, therefore, Perkins Coie will not be seeking to be separately compensated for certain staff, clerical, and resource charges.

17. Presently, Perkins Coie's hourly rates range between approximately $300 to more than $1,100 for lawyers, and $125 to $350 for paralegals. Although Perkins Coie's currently-applicable standard rates for 2018 are higher than Perkins Coie's 2017 standard rates, Perkins Coie has agreed to bill the Debtor based on Perkins Coie's 2017 standard rates in consideration of the needs of this case. Jordan Kroop's 2017 standard rate for this case is $695/hr. The Debtor anticipates that Bradley Cosman, a counsel in Perkins Coie's Phoenix office and experienced bankruptcy attorney with more than 11 years' experience in Chapter 11 matters, often working closely with Jordan Kroop, will also have a significant role in representing the Debtor in this case. His 2017 standard rate for this case is $495/hr. Kroop Statement.

18.     Consistent with its policy with respect to its other clients, Perkins Coie will charge the Debtor for certain out-of-pocket disbursements incurred in the rendition of services. Perkins Coie does not intend to request reimbursement of normal overhead expenses or any expenses associated with items such as telephone charges, photocopying, or computer-based research. Perkins Coie does intend to seek reimbursement for Federal Express, witness fees and other costs related to trials and hearings, and other incidental expenses reimbursable within the guidelines promulgated by the Executive Office of the US Trustee. Kroop Statement.

19.     Perkins Coie intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of New Mexico, and the orders of this Court. Perkins Coie will seek compensation for the services of each attorney and paralegal acting on the Debtor's behalf at the 2017 standard rate charged for such services in bankruptcy and non-bankruptcy matters. Kroop Statement.

20.     Perkins Coie has agreed to accept the compensation the Court allows on the basis of: (i) professional time spent; (ii) rates charged; (iii) the necessity of the services performed to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed. Kroop Statement.

21.     Other than as set forth above, no arrangement is proposed between the Debtor and Perkins Coie for compensation to be paid in this Chapter 11 case. Kroop Statement.

22.     The Debtor believes that Perkins Coie is well qualified to represent the Debtor effectively and efficiently in this Chapter 11 case. Perkins Coie's resources, capabilities, and experience in advising the Debtor are crucial to a successful case

outcome. As such, the Debtor believes that employing Perkins Coie is in the best interests of the Debtor, its estate, its creditors, and all parties-in-interest.

## RELIEF REQUESTED

23. By this Application, the Debtor seeks to employ Perkins Coie as its co-counsel and respectfully requests entry of an order under Bankruptcy Code §§ 327(a) and 329, and Bankruptcy Rules 2014(a) and 2016, substantially in the form attached to this application as **Exhibit A**, authorizing the Debtor to employ Perkins Coie as its co-counsel effective as of December 27, 2017.

24. Bankruptcy Code § 327(a) provides that a debtor-in-possession, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties under this title.

25. The relief sought in this Application is justified and appropriate under Bankruptcy Code § 327(a). Indeed, § 327(a) expressly permits a debtor to retain more than one attorney to carry out the debtor's duties. The Debtor requires Perkins Coie's advice, expertise, and experience in negotiating with key creditor constituents, and developing and prosecuting a Chapter 11 plan that will maximize the value the Debtor's business. The Debtor and its counsel will work to eliminate or at least minimize to the greatest extent possible any duplication of effort between Perkins Coie and Askey & Mazel. To that end, the Debtor will not ask Askew & Mazel to provide services pertaining to plan-related matters that Perkins Coie will be responsible for.

## CONCLUSION

26. The Debtor respectfully requests that the Court enter an order: (a) authorizing the Debtor to employ Perkins Coie as co-counsel on the terms outlined

7

in this Application, retroactive to December 27, 2017; and (b) granting any further appropriate relief.

        **ASKEW & MAZEL, LLC**

        By: <u>Filed electronically</u>
         Daniel J. Behles
        1122 Central Ave., SW Suite 1
        Albuquerque, NM 87102
        danbehles@askewmazelfirm.com
        *Counsel to Debtor-in-Possession*

I certify that a true copy of this pleading was served on all counsel of record via the court's electronic noticing system on the date that this pleading was filed with the court.

      <u>/S/ Daniel J. Behles</u>