UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

**LAS UVAS VALLEY DAIRIES,**
**a New Mexico General Partnership**

    **Debtor.**                                  No. 17-12356-t11

## MOTION TO COMPEL DISCLOSURE OF GENERAL PARTNERS' PERSONAL ASSETS AND LIABILITIES

Comes now the Unsecured Creditors Committee (the "UCC") constituted herein and moves the Court for an Order compelling the general partners of the Debtor Las Uvas Valley Dairies (the "Debtor") to disclose their personal assets and liabilities pursuant to Fed.R.Bankr.P. 1007(g) and as grounds for this Motion would show the Court as follows:

### BACKGROUND

1. Debtor filed its petition herein on September 15, 2017, and is operating as debtor-in-possession pursuant to Chapter 11 of the Bankruptcy Code.

2. The proof of claim of Metropolitan Life Insurance Company [Claim #37] assets that it holds a secured claim in the amount of $28,187,302.33.

3. The proof of claim of Production Credit Association of Southern New Mexico [Claim #35] asserts it holds a secured claim in the amount of $17,016,650.42.

4. Numerous reclamation claims have been filed seeking administrative priority treatment.

5. According to the Schedules [Doc. 45] filed by the Debtor on October 4, 2017, unsecured claims are $6,010,306.79.

6. The first Monthly Operating Report [Doc. 98] filed by the Debtor on November 14, 2017, stated that the Debtor had on hand as of September 30, 2017, $3,007,296.84.

7. The last Monthly Operating Report [Doc. 123] filed by the Debtor on December 21, 2017, stated that the Debtor had $710,850.16, cash on hand as of November 30, 2017, a decrease in two months of $2,296,446.68.

8. Debtor's Schedules [Doc 45, 79] (the "Schedules") disclose that the Debtor is a New Mexico general partnership.

9. The List of Equity Security Holders [Doc. 1] at 6, filed by the Debtor on September 15, 2017, discloses that the general partners of the Debtor are Dean Horton and Frances Horton (who are, on information and belief, husband and wife) and Loran Horton and Mitchell Horton.

10. The Monthly Operating Report [Doc. 123-2] at 18 discloses that each of the four general partners is taking a salary of $12,500, for a total cost to the Debtor of $50,000 per month.

11. The recent filing [Doc. 131] by the Debtor to retain the services of Perkins Coie as additional counsel, discloses that the law firm received a retainer of $100,000 from Dean Horton, one of the general partners.

12. Pursuant to Bankruptcy Rule 1007-1(g), the Court may order that the general partners of a debtor file a statement of personal assets and liabilities.

13. The UCC understands that prior to its appointment, serious questions were raised in cash collateral hearings regarding the ability of this Debtor to continue its operations.

14. The UCC believes and upon such information and belief alleges that if the operation of the Debtor's dairy is terminated, the value of that property will seriously decline, putting the ability of the Debtor to pay its unsecured creditors in serious jeopardy.

15. It is apparent both from the payments of salary to the general partners and the ability of the general partner Dean Horton to pay $100,000 as a retainer that the general partners may have significant assets that would be available under New Mexico law to satisfy the obligations of the Debtor to its unsecured creditors.

16. An issue that the Court should consider in its decision to approve the engagement of Perkins Coie is whether that $100,000 retainer would be put to better use if applied to what could be a significant deficiency in the amounts owed to unsecured creditors.

**ARGUMENT**

Bankruptcy Rule 1007(g) provides, "The court may order any general partner to file a statement of personal assets and liabilities within such time as the court may fix." The rule is relevant in this proceeding for several reasons. First, under § 723,[1] in a Chapter 7 proceeding, the trustee may pursue the general partners of a partnership to pay liabilities of the debtor. In order for the Court to consider whether a plan complies with § 1129(a)(7) that the creditors will receive at least what they would receive under Chapter 7, the financial condition of the general partners must be known. Confirmation of a plan without such disclosure would be reversible error. *See In re I-37 Gulf Ltd. P'ship,* 48 B.R. 647 (Bankr. S.D. Tex. 1985); *In re Monetary Grp.*, 55 B.R. 297 (Bankr. M.D. Fla. 1985).

In addition, the Court must consider the "best interests of creditors" in considering the plan. Without a disclosure of the financial condition of the general partners, the Court cannot determine whether the unsecured creditors would be better off having the case converted to Chapter 7. *See In re Long Arabians,* 103 B.R. 211 (9th Cir. BAP 1989); *In re Narrows Realty Company,* 1994 WL 62177 (Case No. 5-91-01788, Bankr. M.D. Penn. 1994). The form of the disclosure should be in the same form and manner as provided for individual debtors in a

---

[1] Unless otherwise noted all statutory references are to 11 U.S.C.

Chapter 11 proceeding. *In re I-37 Gulf Limited Partnership, supra.* That will ensure that the disclosures fairly and completely provide creditors sufficient information.

In addition to analyzing the disclosures of the partners' financial condition to conduct a liquidation analysis and to evaluate whether treatment of creditors under a plan is better than treatment under Chapter 7, in this particular case, the general partner Dean Horton paid $100,000 as a retainer for a new set of lawyers for the Debtor. That expenditure (as opposed to using those funds to repay creditors) is something the Court may want to consider in deciding whether to approve the engagement of those lawyers.

Consent of counsel for the four general partners was requested but counsel has been unable to provide an answer.

WHEREFORE, the UCC requests that the general partners of the Debtor, Dean Horton, Frances Horton, Loran Horton and Mitchell Horton, file schedules and statements in the same form and manner as provided for individual debtors in a Chapter 11 proceeding within thirty days of entry of an order under Fed.R.Bankr.P. 1007(g).

Respectfully submitted,

MODRALL SPERLING ROEHL HARRIS
 & SISK, P.A.

By: /s/ Paul M. Fish
 Paul M. Fish (pmf@modrall.com)
 Douglas R. Vadnais (drv@modrall.com)
 Spencer L. Edelman (sle@modrall.com)
 500 Fourth Street, NW, Suite 1000
 Albuquerque, NM 87102
 Phone: (505) 848-1800
 Facsimile: (505) 848-1882
 *Attorneys for Las Uvas Valley Dairies*
 *Unsecured Creditors Committee*

4

In accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(2)(D), this certifies that
service of the foregoing document was made
this 5th day of January, 2018, via the
notice transmission facilities of the case
management and electronic filing system
of the Bankruptcy Court.

By: _*/s/Paul M. Fish*_
      Paul M. Fish

W3116185.doc