UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

**LAS UVAS VALLEY DAIRIES,**
a New Mexico General Partnership,

    **Debtor.**　　　　　　　　　　　　　　　　　　No. 17-12356-t11

---

**LAS UVAS VALLEY DAIRIES,**
a New Mexico General Partnership,

    **Plaintiff,**
v.　　　　　　　　　　　　　　　　　　　　　　　Adv. No.

**METROPOLITAN LIFE INSURANCE COMPANY,**

    **Defendant.**

### COMPLAINT TO DETERMINE THE AMOUNT, VALIDITY, PRIORITY AND EXTENT OF CLAIMS AND LIENS, AND TO DETERMINE SECURED STATUS AND OBJECTION TO ALLOWANCE OF CLAIM

COMES NOW Plaintiff, by counsel, and for its complaint states:

**Jurisdiction and Parties**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(a), 28 U.S.C. §157(b), the administrative order entered March 19, 1992, in the United States District Court for this district referring cases to this Court, and the confirmation order entered by the bankruptcy court in in the main bankruptcy case on June 13, 2018, in that this is a core proceeding to determine the amount, validity, priority and extent of liens, and to determine the secured status of a creditor of the Debtor or the estate, and to object to the amount of a claim.

2. Debtor filed its voluntary petition in the underlying chapter eleven case on September 15, 2017.

3. Plaintiff is the Debtor in the underlying bankruptcy case.

4. Defendant Metropolitan Life Insurance Company ("MetLife") is a corporation chartered under the laws of the State of New York, and is a creditor of the Debtor, and of the estate.

**Facts**

5. At the time of the filing of the petition in the underlying case, Debtor owned various assets including, but not limited to, real property, including improvements, and water rights, and personal property, in which MetLife claimed to have security interests to secure claims of MetLife against the Debtor.

6. At the time of the filing of the petition in the underlying case, the Debtor was indebted to MetLife in an amount claimed by MetLife to be $28,184,365.95 in its complaint for declaratory judgment in Adversary No. 18-01007t, and claimed by MetLife to be $28,187,302.33 in its proof of claim Numbered 37 filed in the underlying case.

7. On information and belief, the liens claimed by MetLife in certain of the Debtor's water rights may not be properly perfected, and are therefore subject to avoidance, with standing to pursue avoidance of such unperfected liens being solely in the liquidating trustee appointed under the Plan of Liquidation previously confirmed in the underlying case.

8. On information and belief, pursuant to the loan agreements executed by the Debtor and MetLife, MetLife is entitled to increase the amount of its claims against the Debtor by the amount of post-petition interest accrual, attorney fees, and other costs incurred by MetLife in the underlying proceeding.

9. Notwithstanding the provisions of the loan agreements, pursuant to 11 U.S.C. §506(a)(1), the claims herein of MetLife are secured claims only to the extent of the value of

MetLife's interest in the estate's interest in the collateral securing MetLife's claims against the estate, and only to the extent that such interests of MetLife have a value greater than the amount claimed by MetLife against the estate can MetLife be allowed post-petition interest, attorney fees, or other charges or costs that might be provided for in the loan agreements.

10. On information and belief, the value of the property of the estate subject to valid and perfected liens of MetLife was, and is, less than the amount claimed by MetLife against the estate.

11. The value of property of the estate subject to valid and perfected liens of MetLife has not been determined in the underlying case, but will, pursuant to the confirmed plan of liquidation, be determined by exposing all property of the estate to the relevant markets for such property.

12. MetLife has filed a Notice of post-petition fees, costs and charges wherein it asserts a right to an additional $1,845,603.15 in attorney fees, costs, expenses and a yield maintenance premium, and further asserts the right to claim additional sums for such items accruing after May 31, 2018, which amounts have not yet been determined.

13. Debtor has previously requested, and continues to request, an itemized accounting of all sums claimed, including at a minimum:

a. Copies of all attorneys fee bills which it asserts are properly attributable to the debtor, redacted if necessary to protect attorney-client privileged matters;

b. Copies of all third party bills itemizing charges for third party expenses such as environmental assessments, water records research, and financial experts;

c. A calculation showing how the yield maintenance premium was calculated;

d. A detailed ledger accounting itemizing all payments received from the debtor since

January 1, 2017, showing the application of those payments.

14. MetLife has failed and refused to provide the requested details, and without such details debtor cannot determine whether the requested additional fees, costs and expenses are reasonable, necessary, or properly collectible under the terms of the loan documents.

15. Because adversary proceeding 18-01007t has not been concluded, and because the MetLife collateral has not yet been liquidated, this adversary proceeding should be stayed, except for discovery matters, until the value of MetLife's collateral, and therefore the extent of its security interest, has been determined.

16. MetLife's request for post-petition fees and costs can only be allowed to the extent such fees and costs are reasonable.

17. MetLife's claim for a yield maintenance premium can only be allowed to the extent permitted by its underlying contracts with the Debtor.

**Prayer for Relief**

16. Debtor prays that the Court grant relief in light of the above as follows:

    a. For a determination, by appropriate means, of the value of property of the estate subject to valid and perfected liens in favor of MetLife;

    b. For a determination of the amount of MetLife's claims against the estate;

    c. For a determination of the secured status of the claims of MetLife, pursuant to 11 U.S.C. §506(a)(1);

    d. For an order disallowing the claims of MetLife as secured claims to the extent that such claims exceed the value of the collateral securing the MetLife claims;

    e. For an order avoiding the liens of MetLife against property of the estate to the extent that the value of such liens is less than the claims of MetLife against the estate;

f. For an order disallowing the addition by MetLife of post-petition interest, attorney fees, charges or other fees, to the extent that such additional charges are unreasonable or otherwise disallowed pursuant to 11 U.S.C. §506(b); and

g. For such other relief as the Court deems appropriate, including an award pursuant to 11 U.S.C. 503(b)(3)(D) and (4).

Respectfully submitted by:
Askew & Mazel, LLC
Counsel for Debtor
s/ submitted electronically
Daniel J. Behles
Daniel White
1122 Central SW, Ste. 1
Albuquerque, NM 87102
(505) 433-3097
Fax: 717-1494