UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

LAS UVAS VALLEY DAIRIES,
a New Mexico General Partnership

Debtor.                                                                 No. 11-17-12356-TA

## Motion for Order Entering Final Decree Closing Case on July 27, 2018

Philip Mitchell, Liquidating Trustee respectfully requests that the court enter a final decree closing the above-captioned chapter 11 case *[Case Number]* pursuant to [Rule 3022 of the Federal Rules of Bankruptcy Procedure](#) and [11 U.S.C. § 350(a)](#) on July 27, 2018. As grounds therefore, Movant states:

1. The Plan in this case was confirmed pursuant to an order of this court entered on *June 14, 2018 (docket no. 440)* ("Order of Confirmation").

2. Under the Plan (docket no. 376), as amended in the Order of Confirmation, all remaining assets of the Debtor vested in a Liquidating Trust, of which Movant is the Liquidating Trustee.

3. Movant, as Liquidating Trustee, is the disbursing agent charged with making the distributions necessary for consummation of the Plan. Because all assets of the Debtor, except the Water Rights Avoidance Action, vested in the Liquidating Trust, and because the Liquidating Trustee has all rights and powers of the Debtor under the terms of the Plan, the Order of Confirmation, and the Liquidating Trust Agreement, the administration of this chapter 11 estate is substantially complete as that term was discussed and identified in the confirmation hearing.

4. The Order of Confirmation became effective upon entry, the time for appeal from said Order has expired, and there are no appeals or motions which seek to set aside or modify said Order.

5. All property to be transferred under the Plan has been transferred to the Liquidating Trust.

6. The Liquidating Trustee has assumed the duties and responsibilities conferred on him under the Plan and the Order of Confirmation.

7. The deadline for submission of applications for administrative claims and professional fee claims, and the deadline for objecting to such claims has passed. The Court has held final hearings on all such claims and has either ruled on them or has taken them under advisement. The Liquidating Trust will pay such claims as are allowed by the Court as provided for under the Plan.

8. The deadline for objections to claims has passed and the Court has held final hearings on objections to claims and has either ruled on them or taken them under advisement. The Liquidating Trust will pay such claims as are allowed by the Court in accordance with the terms of the Plan, the Order of Confirmation, and the Liquidating Trust Agreement as provided for under the Plan.

9. Therefore, it is necessary and appropriate that the court enter a final decree closing the case.

10. The Court should retain jurisdiction to enter orders after the entry of the final decree on the Water Rights Avoidance Action, any administrative claims or professional fee claims, any pending adversary proceedings, any questions, clarifications, or orders necessary to effectuate the provisions of the Plan, Order of Confirmation, or Liquidating Trust Agreement, and any claims objections with respect to which no order has yet been entered.

11. A proposed form of Final Decree is attached hereto as Exhibit A.

WHEREFORE, Movant requests the Court to grant this Motion, to enter a final decree closing the case on July 27, 2018, and for such other and further relief as the Court deems just and proper.

Respectfully submitted:

GIDDENS & GATTON LAW, P.C.

/s/George D. Giddens
Submitted electronically 07.05.18
10400 Academy, Suite 350
Albuquerque, NM  87111
Phone: (505) 271-1053
Facsimile: (505) 271-4848
Email: dave@giddenslaw.com
*Attorneys for Liquidating Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the **5th day of July 2018**, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing.

/s/George D. Giddens
Submitted electronically 07.05.18

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

LAS UVAS VALLEY DAIRIES,
a New Mexico General Partnership

    Debtor.

No. 11-17-12356-TA

### FINAL DECREE

The Estate of the above-named Debtor has been fully administered.

IT IS ORDERED THAT:

1. The chapter 11 case of the above-named debtor is closed; and

2. The Court shall retain jurisdiction to enter orders after the entry of the final decree on the Water Rights Avoidance Action, any administrative claims or professional fee claims, any pending adversary proceedings, any questions, clarifications, or orders necessary to effectuate the provisions of the Plan, Order of Confirmation, or Liquidating Trust Agreement, and any claims objections with respect to which no order has yet been entered.

### END OF ORDER ###

1

EXHIBIT A

Submitted by:
<u>George "Dave" Giddens</u>
GIDDENS, & GATTON LAW, P.C.
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: 505-271-1053
Facsimile: 505-271-4848
Email: dave@giddenslaw.com
*Attorneys for LiquidatingTrustee*