UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

LAS UVAS VALLEY DAIRIES,
a New Mexico General Partnership

Debtor.                                              No. 11-17-12356-TA

### Declaration of *Philip Mitchell, Liquidating Trustee*

I, Philip Mitchell declare:

1. I have personal knowledge of the facts set forth below. I can testify that said facts are true and correct.

2. I am the Liquidating Trustee of the Liquidating Trust for the assets of Las Uvas Valley Dairies (the "Debtor").

3. The Debtor commenced a bankruptcy reorganization case by filing a voluntary chapter 11 petition on *September 15, 2017*

4. On *June 14, 2018*, an order of the bankruptcy court was entered confirming the creditors' First Amended Plan(the "Plan").

5. Under the Plan, as amended in the Order of Confirmation , all remaining assets of the Debtor vested in a Liquidating Trust, of which I am the Liquidating Trustee

6. I, as Liquidating Trustee, am the disbursing agent charged with making the distributions necessary for consummation of the Plan. Because all assets of the Debtor, except the Water Rights Avoidance Action, vested in the Liquidating Trust, and because the Liquidating Trustee has all rights and powers of the Debtor under the terms of the Plan, the Order of Confirmation, and the Liquidating Trust Agreement, the administration of this chapter 11 estate is substantially complete as that term was discussed and identified in the confirmation hearing.

7. The Order of Confirmation became effective upon entry, the time for appeal from said Order has expired, and there are no appeals or motions which seek to set aside or modify said Order.

8. All property to be transferred under the Plan has been transferred to the Liquidating Trust.

9. I, as Liquidating Trustee, have assumed the duties and responsibilities conferred on me under the Plan and the Order of Confirmation.

10. The deadline for submission of applications for administrative claims and professional fee claims, and the deadline for objecting to such claims has passed. The Court has held final hearings on all such claims and has either ruled on them or has taken them under advisement. The Liquidating Trust will pay such claims as are allowed by the Court as provided for under the Plan.

11. The deadline for objections to claims has passed and the Court has held final hearings on objections to claims and has either ruled on them or taken them under advisement. The Liquidating Trust will pay such claims as are allowed by the Court in accordance with the terms of the Plan, the Order of Confirmation, and the Liquidating Trust Agreement as provided for under the Plan.

12. Therefore, it is necessary and appropriate that the court enter a final decree closing the case.

13. I request that the Court retain jurisdiction to enter orders after the entry of the final decree on the Water Rights Avoidance Action, any administrative claims or professional fee claims, any pending adversary proceedings, any questions, clarifications or orders necessary to effectuate the provisions of the Plan, the Order of Confirmation, or the Liquidating Trust Agreement, and any claims objections with respect to which no order has yet been entered.

14. The Plan is substantially consummated and the administration of the Debtor's chapter 11 case is complete.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of July, 2018.

_____
Philip Mitchell